UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EDWARD JOHNSTON, ) | |
| ) | No.  3:15-cv-1115 |
| Plaintiff, ) | |
| ) | St. Clair County Cause No.:  15-L-518 |
| V. ) | |
| ) | |
| SCHNUCK MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Schnuck Markets, Inc., by and through its undersigned attorneys, Beth Kamp Veath and Brown & James, P.C., and hereby files its Notice of Removal of the above entitled action to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1446, 1441, and 1332.  The basis for Removal is as follows:

### Diversity of Citizenship

1. That this Court has original jurisdiction of the action under 28 U.S.C. §1332, and Defendant bases its removal on this jurisdiction as further laid out below.

2. This action is removable under 28 U.S.C. §1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  The United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States.  28 U.S.C. §1332(a).

3. In accord with 28 U.S.C. § 1446, Defendant attaches all process, pleadings and orders served upon Defendant as **Exhibit A**.

4. Concurrent with the filing of this Notice of Removal, Defendant served a copy of this Notice to Plaintiff and filed a copy with the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, along with written notice of the filing, in accordance with 28 U.S.C. § 1446(d).

5. The above-entitled action, now pending in the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, is a civil action at law brought by the above-named Plaintiff, Edward Johnston, against Schnuck Markets, Inc.

6. This Notice of Removal is filed within the time provided for filing after receiving notice that the case is removable, and within one year after commencement of Plaintiff's action, thus this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

7. The controversy in said action is wholly between citizens of different states.

8. Plaintiff, Edward Johnston, is a citizen of the State of Illinois, residing in St. Clair County, Illinois. See Complaint, attached within **Exhibit A**.

9. Schnuck Markets, Inc. was, at the time of the commencement of this action and continues to be, a corporation organized under the laws of the state of Missouri, having its chief and principal place of business at 11420 Lackland Rd., St. Louis, Missouri. Schnuck Markets, Inc. is therefore a citizen of the State of Missouri, and is not a citizen of Illinois.

10. Therefore, Plaintiff, as a citizen of Illinois, is diverse from all defendants, none of which are citizens of Illinois, and there is complete diversity. See 28 U.S.C. §1332(a)(1); Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997).

## Amount in Controversy

11. Federal courts normally determine the amount in controversy by reference to the amount alleged in the complaint's ad damnum clause. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). The difficulty for defendants in Illinois, however, is that 735 ILCS 5/2-604 forbids the pleading of ad damnum clauses "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed…." Thus, Plaintiff's Complaint here follows Illinois rules and only alleges damages in excess of $50,000.00. See Complaint, attached within **Exhibit A**.

12. In the absence of an ad damnum clause, a defendant has the responsibility to "ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." Rising-Moore, 435 F.3d at 815. A removing party does not have to show that the plaintiff will prevail or collect more than $75,000.00 if he were to prevail. Id. at 816. The removing party need only show that what the plaintiff hopes to get out of litigation exceeds the jurisdictional amount. Id.

13. In this case, a reasonable and commonsense reading of the Complaint shows that Plaintiff is seeking more than $75,000. This Complaint alleges "Plaintiff sustained severe and disabling damages and injuries which necessitated medical treatment, lost time from employment, and pain and suffering, including, but not limited to, injuries to his shoulders, left knee and wrist, necessitating surgical intervention." See Complaint, attached within **Exhibit A**.

14. Plaintiff alleges he will incur further medical expenses and continue to suffer lost wages in an amount presently undetermined. See Complaint, attached within **Exhibit A**.

15. Further, in a related workers' compensation based off of Plaintiff's same injuries, Federated, the insurer for Plaintiff's employer, demanded repayment for Plaintiff's worker's compensation benefits to be repaid by Defendant. See Demand Letter, attached hereto as **Exhibit B**.

16. To date, Federated has paid out $203,910 in indemnity costs and $29,610.99 in medical costs to Plaintiff for Plaintiff's related workers' compensation injuries. See Payment Details, attached hereto as **Exhibit C**. This amounts to a total cost of $233,521.29. These costs only include wage loss and medical expenses, which do not amount to the total that could be alleged in Plaintiff's personal injury suit.

17. The amount in controversy, exclusive of interests an costs, exceeds the requisite jurisdictional amount for jurisdiction based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a).

18. The requirements to establish jurisdiction based upon diversity of citizenship, in accordance with 28 U.S.C. § 1332, have been met.

19. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and this matter may be removed to this Court in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

WHEREFORE, having established complete diversity of citizenship and the amount in controversy, Defendant, Schnuck Markets, Inc., respectfully prays this

Honorable Court accept jurisdiction of this action, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY OF 12**

                               **/s/Beth Kamp Veath**
                               Beth Kamp Veath, #6186523
                               BROWN & JAMES, P.C.
                               Attorneys for Defendant,
                               Schnuck Markets, Inc.
                               Richland Plaza I
                               525 West Main, Suite 200
                               Belleville, IL  62220-1547
                               (618) 235-5590
                               (618) 235-5591 (fax)

**AFFIDAVIT OF SERVICE**

     I, the undersigned, on the **8th** day of **October**, 2015, at 5:00 p.m., deposited a copy of this document, postage prepaid, in the United States Mail, addressed to:  Mr. Patrick E. Foppe, LASHLY & BAER, P.C., 714 Locust Street, St. Louis, Missouri  63101.

     Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

                               **/s/Beth Kamp Veath**

BKV:alb
#12565722