IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

| | |
|---|---|
| EDWARD JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 15-L-518 |
| v. ) | |
| ) | |
| SCHNUCK MARKETS, INC., ) | |
| ) | |
| SERVE:  Mary H. Moorkamp ) | FILED |
| Registered Agent ) | ST. CLAIR COUNTY |
| 11420 Lackland Road ) | |
| St. Louis, MO 63146 ) | SEP 1 5 2015 |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Edward Johnston, for his claim and cause of action against Defendant Schnuck Markets, Inc., states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual residing in St. Clair County, Illinois.

2. Defendant Schnuck Markets, Inc. is a corporation in good standing and doing business in St. Clair County, Illinois.

3. This cause of action arose in and the events and injuries herein alleged occurred in St. Clair County, Illinois.

4. Jurisdiction and venue are proper in this Court.

### Count I

Plaintiff Edward Johnston, for Count I of his Petition against Defendant Schnuck Markets, Inc., states as follows:


EXHIBIT A

5. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 5 of this Complaint.

6. At all times mentioned herein, Defendant acted by and through its agents, servants and/or employees who were acting within the scope of their employment or agency, and having full and complete custody, control and supervision with respect to the premises and/or the conditions alleged herein.

7. At all times mentioned herein, Plaintiff was a business invitee of Defendant at Defendant's premises located at 625 Lincoln Highway, Fairview Heights, St. Clair County, Illinois (hereinafter the "Premises").

8. On or about September 19, 2013, Plaintiff, while lawfully upon the Premises, tripped and violently fell at the Premises on an uneven and dangerous loading dock, dock plate, appenditures and attached structures (hereinafter the "Dock"), causing serious bodily injuries.

9. As a result of the Dock, the Premises were not reasonably safe.

10. Defendant knew or, by using ordinary care, should have known that the Dock posed a safety concern to those individuals present on the Premises, including Plaintiff.

11. Defendant was responsible for properly maintaining the Premises, including the Dock and surrounding area.

12. Defendant had a duty to maintain the Premises and the Dock in a reasonably safe condition for invitees, such as Plaintiff but, in violation of this duty, carelessly and negligently permitted an unreasonable risk to invitees by:

    a. Failing to remove, remedy, repair, warn of and/or barricade the said Dock;

    b. Causing and/or allowing a dangerous, hazardous and tripping condition to exist;

    c. Failing to provide proper, safe and clear access for persons allowed and invited to use the Premises;

    d. Failing to provide proper, safe and clear access for persons allowed and invited to use the Premises in high traffic areas;

    e. Failing to provide a safe walking surface;

    f. Failing to install the Dock so that it did not create a tripping hazard;

    g. Failing to lay out the Dock so as to provide a continuous walkway;

    h. Failing to routinely inspect the Dock to identify and correct dangerous and defective conditions;

    i. Failing to routinely maintain the Dock to correct dangerous and defective conditions;

    j. Failing to establish procedures for the placement, maintenance, inspection and use of the Dock in accordance with the applicable specifications or otherwise; and

    k. Engaging in otherwise negligent and careless use and maintenance of the Premises and Dock.

13. Upon information and belief, Defendant was placed on notice that the Dock was unstable, defective, faulty, uneven and, upon information and belief, other persons have been injured there previous to Plaintiff.

14. As a direct and proximate result of such negligence on the part of Defendant, Plaintiff sustained severe and disabling damages and injuries which necessitated medical treatment, lost time from employment, and pain and suffering, including, but not limited to, injuries to his shoulders, left knee and wrist, necessitating surgical intervention. The nature and use of all said body parts are severely impaired and made painful, and Plaintiff's enjoyment of life has been diminished.

15. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff has incurred medical expenses due to ongoing treatment and in the future will be caused to incur further medical expenses in an amount presently undetermined.

16. As a direct and proximate result of Defendant's negligence and carelessness as aforesaid, Plaintiff has incurred lost wages and in the future will continue to suffer lost wages in an amount presently undetermined.

**WHEREFORE,** Plaintiff Edward Johnston respectfully prays that this Court enter a judgment in his favor and against Defendant Schnuck Markets, Inc., in an amount in excess of $50,000, together with his costs, as well as all expenses incurred in connection with this cause of action, and for such other and further relief as the Court deems just and proper.

Patrick E. Foppe   #6282882
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
(314) 621-2939 (Telephone)
(314) 621-6844 (FAX)
pfoppe@lashlybaer.com

Attorneys for Plaintiff